| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JAMES LEE THOMAS,                 ) | No. CV 11-3577-VAP (PLA) |
|                 Petitioner, ) | |
|           v.                             ) | ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION |
| T. GONZALEZ, Warden,              ) | |
|                 Respondent.  ) | |

James Lee Thomas ("petitioner") initiated this action on April 26, 2011, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. The Petition challenges his 1998 California conviction in the Los Angeles County Superior Court. The Court observes that on November 27, 2001, petitioner filed an earlier habeas petition in this Court, Case No. CV 01-10151-VAP (PLA), which challenged the same conviction. The 2001 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on April 5, 2004.

/

/

/

/

/

1    A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2001 federal habeas challenge, petitioner raised the following claims: (1) his sentence under California's Three Strikes law was illegal; (2) he was entitled to an evidentiary hearing; (3) his due process rights were violated by the trial court's errors; (4) his sentence of twenty-five years to life was disproportionate when compared with other punishments given in California for more serious crimes, and it violated his rights to due process and a fair trial; (5) there was insufficient evidence to prove that petitioner's prior convictions qualified as strikes; and (6) petitioner's trial counsel rendered ineffective assistance for failing to challenge the classification of his prior convictions as strikes. (See Report and Recommendation, entered on February 11, 2004, at p.

4). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on April 5, 2004). Petitioner's subsequent request for a certificate of appealability was denied.

Because petitioner's earlier federal petition was denied on the merits, the instant Petition is considered to be a second or successive application. Even if it were found that the claim raised in the instant Petition satisfies 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B),[1] petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication in the record, however, that petitioner has obtained such authorization. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Thus, it appears that the Court is without jurisdiction to entertain the Petition. See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, petitioner is **ordered to show cause** why the Petition should not be dismissed as successive. Specifically, petitioner must submit to the Court **on or before May 18, 2011**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by May 18, 2011, will result in the Petition being dismissed without prejudice.**[2] See Reyes v. Vaughn, 276 F.Supp.2d 1027,

---

[1] Petitioner asserts one ground for relief in the instant Petition: actual innocence with respect to a prior conviction. (Petition at 5-6).

[2] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice to petitioner's right to seek authorization from the Ninth Circuit.

1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

DATED: April 28, 2011

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE