UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES LEE THOMAS,<br><br>                Petitioner,<br><br>      v.<br><br>T. GONZALEZ, Warden,<br><br>                Respondent. | No. CV 11-3577-VAP (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

On April 26, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 1998 conviction in the Los Angeles County Superior Court. On November 27, 2001, petitioner filed an earlier habeas petition in this Court, Case No. CV 01-10151-VAP (PLA), which challenged the same conviction. The 2001 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on April 5, 2004. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment in Case No. CV 01-10151-VAP (PLA)).

On April 28, 2011, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, ordering petitioner to show cause no later than May 18, 2011, why the Petition should not be dismissed as successive. In the Order to Show Cause, the Magistrate Judge advised petitioner that if he wished to file a successive habeas application, he was required

to file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. The Magistrate Judge further advised petitioner that until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice. On May 9, 2011, petitioner filed a request for a 30-day extension of time to request an order from the Ninth Circuit authorizing the Court to consider his successive petition.

## **DISCUSSION**

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2001 federal habeas challenge, petitioner claimed that (1) his sentence under California's Three Strikes law was illegal; (2) he was entitled to an evidentiary hearing; (3) his due process rights were violated by the trial court's errors; (4) his sentence of twenty-five years to life was disproportionate when compared with other punishments given in California for more serious crimes, and it violated his rights to due process and a fair trial; (5) there was insufficient evidence to prove that petitioner's prior convictions qualified as strikes; and (6) petitioner's trial counsel rendered ineffective assistance for failing to challenge the classification of his prior convictions as strikes. (See Report and Recommendation in Case No. CV 01-10151-VAP (PLA), entered on February 11, 2004, at p. 4). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment in Case No. CV 01-10151-VAP (PLA), both entered on April 5, 2004). Petitioner's subsequent request for a certificate of appealability was denied.

Petitioner asserts one ground for relief in the instant Petition: actual innocence with respect to a prior conviction. (Petition at 5-6). Even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), and it does not appear that it does, "**[b]efore** a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). To the contrary, petitioner now seeks an extension of time to respond to the Magistrate Judge's April 28, 2011, Order to Show Cause so that he can request the requisite authorization from the Ninth Circuit.

/

1 In the April 28, 2011, Order to Show Cause, the Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive, and he was ordered to show cause why his Petition should not be dismissed on that basis. Petitioner was further advised that unless he submitted documentation showing that he had already filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed without prejudice. As petitioner has not presented any documentation showing that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition **before** petitioner filed the instant Petition -- and petitioner has in effect acknowledged that the Ninth Circuit has not yet issued such an authorization -- the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.

**ORDER**

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: May 31, 2011

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE